IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIGHWAUNDA M. YARDLEY, | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) |
| HOSPITAL HOUSEKEEPING SYSTEMS, LLC, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Hospital Housekeeping Systems, LLC ("HHS") respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. As grounds for removal of this action, HHS would show unto this Honorable Court the following:

1. Plaintiff Kighwaunda M. Yardley (the "Plaintiff") initiated this action against HHS by filing a Complaint in the Circuit Court for Wilson County, Tennessee, whereupon this action was assigned Case No. 2013-cv-318 (the "State Action"). HHS was served with process on June 11, 2013. Collectively attached hereto as **Exhibit 1** are the only process, pleadings, and orders that have been served upon HHS in the State Action.

2. The Plaintiff has alleged in its Complaint that she is a citizen and resident of Macon County, Tennessee. (Complaint, ¶ 1). HHS is a Texas limited liability company with its principal place of business located at its headquarters in Austin, Texas, which is the location from which HHS's high-level officers direct, control, and coordinate HHS's business activities.

3. As evidenced by the *ad damnum* clause of the Plaintiff's Complaint, the Plaintiff seeks judgment against HHS in excess of $150,000.00.

744039.1

1

4. Therefore, this Honorable Court possesses original jurisdiction over the Plaintiff's Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the matter in controversy is between citizens of different states.

5. Moreover, this Notice of Removal is being filed within thirty (30) days after HHS's receipt of the Complaint and is thus timely filed under 28 U.S.C. § 1446(b).

6. Finally, a copy of this Notice of Removal will promptly be filed with the Clerk of the Wilson County, Tennessee Circuit Court and will also promptly be served upon the Plaintiff's counsel.

WHEREFORE, PREMISES CONSIDERED, HHS prays that the State Action, which is now pending in the Circuit Court of Wilson County, Tennessee, be removed to this United States District Court for the Middle District of Tennessee, Nashville Division, and for all other relief that this Court deems just and proper.

Respectfully submitted,

_____
Fred C. Statum III    TN Bar No. 14495
MANIER & HEROD
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
fstatum@manierherod.com

*Attorney for Defendant, Hospital Housekeeping Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail upon:

David L. Cooper
The Law Office of David L. Cooper, P.C.
Third Avenue North Building
208 Third Avenue North, Suite 300
Nashville, TN 37201

on this 25th day of June, 2013.

_[signature]_

# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
06/11/2013
CT Log Number 522893558

**TO:** Jared Hughes, CFO
Hospital Housekeeping Systems
216 E. 4th Street
Austin, TX 78701-3610

**RE:** **Process Served in Tennessee**

**FOR:** Hospital Housekeeping Systems, LLC (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kingwaunda M. Yardley, Pltf. vs. Hospital Housekeeping Systems, LLC, Dft |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | Wilson County Circuit Court, TN<br>Case # 2013CV318 |
| **NATURE OF ACTION:** | Workers' Compensation - Plaintiff sustained work related injuries on May 11, 1998 during the course and scope of his employment and and is seeking temporary and/or permanent disability benefits pursuant to the Workers Compensation Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/11/2013 postmarked on 06/06/2013 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons and complaint upon you, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | David L. Cooper, B.P.R.<br>Third Avenue North Building<br>208 Third Avenue North<br>Suite 300<br>Nashville, TN 37201<br>615-256-1008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2013, Expected Purge Date: 06/16/2013<br>Image SOP<br>Email Notification, Racshel Brunken racshely@hhs1.com<br>Email Notification, Jared Hughes jaredh@hhs1.com<br>Email Notification, Jeff Barry jeffb@hhs1.com<br>Email Notification, Jeff Totten jefft@hhs1.com<br>Email Notification, Lisa Molnar LisaM@hhs1.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / YS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Service*

STATE OF TENNESSEE
IN THE CIRCUIT COURT FOR WILSON COUNTY

KIGHWAUNDA YARDLEY

                PLAINTIFF          CIVIL ACTION

VS.
                                          DOCKET NO. 2013-CV-318

HOSPITAL HOUSEKEEPING        METHOD OF SERVICE:
SYSTEMS, LLC

                                           Personal Service

                DEFENDANT

                                    SUMMONS

FILED JUN 0 6 2013
LINDA NEAL
CIRCUIT COURT CLERK
WILSON COUNTY, TN

TO DEFENDANT: Hospital Housekeeping Systems, LLC, Serve: CT Corporation Systems
WHOSE ADDRESS IS: 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710
OTHER SERVICE INFORMATION: _____

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 134 S. College St, Room 100, Lebanon, Tennessee 37087. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 6th day of June, 2013.

                                              LINDA NEAL, CIRCUIT COURT CLERK

                                              By: _____
                                                    DEPUTY CLERK ~~& MASTER~~

☐

| David L. Cooper | 11445 |
|---|---|
| Plaintiff' Attorney | BPR# |
| or Plaintiff if no attorney *(pro se)* | |

208 Third Avenue, North, Suite 300
Address
Nashville, TN 37201

| (615) 256-1008 | (615) 256-3330 |
|---|---|
| Tel. NO. | Fax NO. |

Case 3:13-cv-00622   Document 1-1   Filed 06/25/13   Page 6 of 13 PageID #: 9

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____,
I
                        (Date)                                 (Date)

☐ served this summons and a complaint on defendant,

_____
                                                    (Printed Name of Defendant)

in the following manner:

_____

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____                _____
Process Server Name (Printed)           Process Server Signature

IN THE CIRCUIT COURT OF WILSON COUNTY, TENNESSEE

KIGHWAUNDA M. YARDLEY, )
)
    Plaintiff, ) JURY DEMAND
)
v. ) NO. 2013-CV-318
)
HOSPITAL HOUSEKEEPING )
SYSTEMS, LLC, )
)
    Defendant. )

FILED
A.M. JUN 0 6 2013 P.M.
11:57
LINDA NEAL
CIRCUIT COURT CLERK
WILSON COUNTY, TN

## COMPLAINT

### The Parties

1. Plaintiff Kighwaunda M. Yardley ("Plaintiff") is a citizen and resident of Macon County, Tennessee.

2. Defendant Hospital Housekeeping Systems, LLC ("Defendant") is a limited liability corporation organized under the laws of the state of Texas, and authorized to transact business in the state of Tennessee. Its agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

### Factual Allegations

3. Plaintiff started employment on or about May 11, 1998 at University Medical Center Hospital ("UMC") located at 1411 Baddour Parkway, Lebanon, Tennessee.

4. Plaintiff worked in the housekeeping department as a housekeeping aide.

5. In June 2010, Plaintiff injured her right shoulder in the course and scope of her employment at UMC.

6. Plaintiff filed a claim for workers' compensation benefits pursuant to the Tennessee

1

Workers' Compensation Act ("the Act"), where she received benefits under the Act including medical treatment for the right shoulder injury.

7. Plaintiff was under the care of Scott Baker, M.D., an authorized treating physician, for the right shoulder injury.

8. Dr. Baker ordered an MRI of the right shoulder, which revealed a torn rotator cuff.

9. As a result of the MRI, Dr. Baker referred Plaintiff to Damon Petty, M.D., who performed surgery on Plaintiff's right shoulder in June 2011.

10. The surgery on Plaintiff's right shoulder was authorized and approved by UMC, or its workers' compensation insurance carrier.

11. Plaintiff was off work for approximately two weeks as a result of the right shoulder surgery, and received temporary total disability benefits pursuant to the Act.

12. Dr. Petty released Plaintiff to return to work with light-duty restrictions.

13. Plaintiff returned to work at UMC where she worked light-duty in the materials management section of the hospital.

14. In late 2011 or early 2012, Plaintiff returned to full duty at UMC in the housekeeping department.

15. Plaintiff's right arm and hand started to cause pain and discomfort while at work, and Plaintiff returned to see Dr. Petty.

16. As a result of this, Dr. Petty prescribed physical therapy and placed Plaintiff back on light-duty work at UMC.

17. In May or June 2012, Dr. Petty performed a carpal tunnel release at UMC on Plaintiff's right hand.

2

18. The carpal tunnel release was authorized and approved by UMC, or its workers' compensation insurance carrier.

19. Plaintiff was placed on light-duty by Dr. Petty as a result of the carpal tunnel surgery.

20. Plaintiff worked light-duty at UMC in the materials management section as a result of the light-duty restrictions of Dr. Petty.

21. After the surgery by Dr. Petty for the carpal tunnel release and, while Plaintiff was on light-duty, UMC contracted with Defendant Hospital Housekeeping Systems, LLC ("HHS") to perform housekeeping services at UMC.

22. As a result of the new contract between UMC and HHS, a meeting was held by HHS management, wherein the housekeeping department employees were told that they would continue to have employment at the hospital.

23. When the contract between UMC and HHS was finalized, the existing employees at UMC converted and became employees of HHS.

24. Upon information and belief, approximately forty (40) employees in the housekeeping department converted from employees at UMC to employees of HHS.

25. Plaintiff was released to full-duty work by Dr. Petty on or about August 8, 2012.

26. On August 8, 2012, Plaintiff reported about her doctor's release to Gloria Gray in the Human Resources Department at UMC, and her desire to return to work as an employee in the housekeeping department.

27. Ms. Gray told Plaintiff to report to a representative of HHS about the medical release issued by Dr. Petty, and return to work in the housekeeping department.

28. Plaintiff spoke to Michael l/n/u, a representative of HHS, told him she had been on

3

light-duty due to the work accidents, and had been released by Dr. Petty to return to work, without restrictions.

29. Plaintiff told Michael l/n/u that she wanted to return to work at UMC in the housekeeping department.

30. Michael l/n/u told Plaintiff that he had spoken with Jim Mills, Director of Human Resources at UMC, and told Mr. Mills that he "would only hire the people on FMLA, not workmans comp."

31. Plaintiff spoke again to Gloria Gray, who advised Plaintiff to fill out an application for HHS, which Plaintiff did. She submitted it to Ms. Gray.

32. On August 8, 2012, Plaintiff finished her shift at UMC, and returned to speak with Jim Mills about her continued employment at UMC.

33. Mr. Mills told Plaintiff that HHS was not going to hire her, and that he could not force HHS to employ her in the housekeeping department.

34. On August 8, 2012, Plaintiff was terminated by UMC for "lack of work."

35. On August 8, 2012, Defendant HHS failed on refused to hire Plaintiff for employment in the housekeeping department.

### Cause of Action

36. Plaintiff incorporates by reference the allegations in the above paragraphs.

37. Defendant HHS is liable to Plaintiff for retaliatory discharge as a result of her workers' compensation injury and claim, and its failure to hire Plaintiff based on the injury and/or claim.

4

## Claims of Damages

38. As a direct and proximate result of the actions of Defendant HHS, Plaintiff is entitled to compensatory damages, including damages for emotional distress and lost wages, for all of which Defendant HHS is liable.

39. As a direct and proximate result of the actions of Defendant HHS, Plaintiff may also be entitled to reinstatement (or in the alternative, front pay), as a result of the actions and conduct of Defendant HHS.

40. As a direct and proximate result of the intentional and/or reckless actions of Defendant HHS, Plaintiff has is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff sues Defendant HHS for compensatory damages in the amount of $150,000.00, and the costs of this cause. Plaintiff further seeks an award of punitive damages to be determined by the jury. Plaintiff demands a jury to try the issues in this action.

THE LAW OFFICE OF DAVID L. COOPER, P.C.

DAVID L. COOPER, B.P.R. No. 11445

Third Avenue North Building
208 Third Avenue North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Plaintiff*

5

US POSTAGE
042J0114753
$5.26
06/06/13
neopost
mailed From 37201

**CERTIFIED MAIL**

7006 0810 0001 9156 9487

CT Corporation Systems
800 S. Gay St., Suite 2021
Knoxville, TN 37929-9710

The Law Office of
DAVID L. COOPER, P.C.
208 Third Ave. North
Suite 300
Nashville, TN 37201